## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**AMBER N. M.,[1]**

      **Plaintiff,**

                                    **Civil Action 2:22-cv-3222**

      **v.**                           **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

### OPINION AND ORDER

Plaintiff, Amber N. M., ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI"). This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 13); the Commissioner's Memorandum in Opposition (ECF No. 14); Plaintiff's Reply (ECF No. 15); and the administrative record (ECF No. 8). For the reasons that follow, the Commissioner's non-disability determination is **OVERRULED**, and this matter is **REMANDED** to the Commissioner and the ALJ pursuant to Sentence 4 of § 405(g).

### I.      BACKGROUND

Plaintiff protectively filed her SSI application in July 2020, and alleged that she became disabled on January 1, 2020. Plaintiff's applications were denied at the initial and

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

reconsideration levels before an ALJ held a hearing on June 3, 2021, and issued an unfavorable

determination on June 29, 2021. That unfavorable determination became final on June 27, 2022,

when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. She submits that remand is

warranted because the ALJ erred by finding that none of her medically determinable mental

health impairments were severe. (Pl.'s Statement of Errors 7–11, ECF No. 13.)[2] The Court

agrees.

## II.      THE ALJ'S DECISION

The ALJ issued his decision on June 29, 2021, finding that Plaintiff was not disabled

within the meaning of the Social Security Act. (R. 302–21.) At step one of the sequential

---

[2] Because Plaintiff's first contention of error has merit, the Court does not reach Plaintiff's
second contention of error—that the ALJ erred when considering opinion evidence from another
provider. Upon remand, however, the ALJ may also address that contention if warranted.

2

evaluation process,[3] the ALJ found that Plaintiff not engaged in substantial gainful activity since her alleged June 12, 2020 onset date. At step two, the ALJ found that Plaintiff had the following medically determinable impairments: history of kidney stones; lumbosacral strain; asthma; gastroesophageal reflux disease (GERD); bipolar disorder; post-traumatic stress disorder (PTSD); depression; and anxiety.[4] The ALJ further determined that none of those medically determinable impairments were severe, and therefore, that Plaintiff had no work-related limits. Accordingly, the ALJ determined, at step two, that Plaintiff was not disabled from her alleged July 12, 2020 onset date through the date of the determination.

---

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
>
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
>
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[4] Notably, at step two, the ALJ neglected to consider whether Plaintiff's COPD was a medically determinable impairment, or if it was severe, but nevertheless determined that findings from state agency reviewers were unpersuasive because those reviewers failed to opine appropriate limits for someone with severe COPD. (R. 313.)

Alternatively, the ALJ explained that even if Plaintiff's impairments, singly or in combination, were severe and resulted in certain physical limits opined by a testifying expert, Dr. Amusa, and a time-off-task limit, a vocational expert had testified that a person with those limits would be capable of work that existed in significant numbers (R. 314–15, n. 3).

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that  finding 'even if there is substantial evidence in the record that would have supported an opposite  conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109  F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA

fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As previously explained, Plaintiff contends that the ALJ erred at step two by finding that none of her medically determinable mental impairments (*i.e.*, bipolar disorder; PTSD; depression; and anxiety) were severe. Within this contention of error, Plaintiff challenges the ALJ's consideration of opinion evidence from a medical expert, Dr. Adamo, a psychologist, who testified at the June 3, 2021 hearing. (Pl.'s Statement of Errors 8–9, ECF No. 13.) That challenge has merit.

An ALJ's must "consider all evidence" in a claimant's case record. §§ 404.1545(a)(1)(3); 416.945(a)(1)(3). The governing regulations[5] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)– (5); 416.913(a)(1)–(5).

A medical opinion is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in several enumerated areas. §§ 404.1513(a)(2); 416.913(a)(2) (emphasis added). An ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, when evaluating the

---

[5] Because Plaintiff's applications were filed in 2020, they are subject to regulations that govern applications filed after March 27, 2017.

persuasiveness of medical opinions, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. §§ 404.1520c(b)(2); 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(1); 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(2); 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. §§ 404.1520c(b)2); 416.920c(b)(2). But when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the ALJ described Dr. Adamo's summary of the evidence related to Plaintiff's mental impairments as follows:

> Dr. Adamo testified at the hearing regarding the claimant's mental impairments of PTSD, generalized anxiety disorder, depression, and bipolar disorder. She noted recent evidence from the claimant's treating mental health providers reflect significant improvement in mental health symptoms with ongoing treatment. While the claimant experienced some "ups and downs" early in 2020, the record reflects that the claimant's mental health symptoms were stabilized in 2021. She noted

Exhibit 24F, that reflect in January 2020, the claimant was working two jobs, indicating no significant mental limitations in her ability to work. She noted that the claimant's medications were adjusted multiple times throughout the record; however, as long as the claimant maintained compliance with prescribed medications, her mental health symptoms were well controlled.

(R. 311.) The ALJ then summarized Dr. Adamo's opinions as follows:

Overall, Dr. Adamo opined that the record supports no limitation in the claimant's ability to understand, remember, and apply information; mild limitation in her ability to interact with others; mild limitation in her ability to concentrate, persist, or maintain pace; and no limitation in her ability to adapt and/or manage herself. She noted that the claimant functioned relatively well throughout the relevant time period, beginning in July 2020, although she did experience some increased mental symptoms associated with relationship issues with her significant other. However, overall, her mental impairments never reached the level of a severe impairment as she did not have any significant difficulty relating with others outside the home and the overall record does not support any significant work-related limitations.

(*Id*.) The ALJ then wrote that he found Dr. Adamo's opinions persuasive, and he explained why as follows:

I find the testimony and opinion of this mental health expert persuasive as she is the only mental health professional to review the entire pertinent documented record. Her testimony, including responses to cross-examination, show careful analysis of the objective information.

(*Id*.)

The Court finds that this discussion was inadequate. As these excerpts demonstrate, the ALJ explained that Dr. Adamo's opinion was persuasive for two reasons—because she was the only mental health professional to review the entire record and because her testimony demonstrated that she had carefully analyzed the record evidence. (*Id*.) The ALJ did not, however, discuss the supportability or consistency factors. That was error.

Defendant nevertheless urges that Dr. Adamo discussed "a myriad of evidence that was consistent with Dr. Adamo's opinion." (Def.'s Mem. in Opp'n, 8–9, ECF No. 14.) Specifically, Defendant argues that the ALJ's discussion of the paragraph B criteria demonstrates that he

properly considered the consistency of Dr. Adamo's opinion. The Court is not persuaded. Dr. Adamo indicated that Plaintiff had only mild social interaction limits. (R. 330.) But he further testified that Plaintiff experienced moderate social interaction limits and that she had moderate mood variabilities throughout 2020, which impacted her social interaction abilities. (R. 330–31.) The ALJ's discussion of the paragraph B criteria, however, included a discussion of evidence suggesting that Plaintiff perhaps had more than mild limits in this area, including evidence that she walked out of work in March 2020 because of unresolved personnel issues, and that she had episodes of mood swings and panic attacks in early 2021. (R. 312–13.) This is not to suggest that the ALJ was required to find that Plaintiff had more than mild limits in this area. But in the absence of an explicit discussion of the consistency factor, the Court is left to speculate as to how the ALJ weighed competing evidence about Plaintiff's social interaction abilities.

This problem is compounded because elsewhere in the determination, the ALJ wrote that Plaintiff had "some problems with the law and with other relationships" and that her primary pertinent issues have been "interpersonal conflicts with persons close to her." (R. 314.) The ALJ additionally indicated that he "considered these non-severe social interaction impairments in assigning certain restrictions." (*Id.*) But it is unclear what restrictions the ALJ assigned because of these considerations. The ALJ ended his analysis at step two after determining that Plaintiff had no work-related limits. Alternatively, the ALJ determined that even if Plaintiff had certain physical limits and a time-off-task limit, work existed in significant numbers that she could perform. (R. 314–15.) But the ALJ did not provide a logical bridge between any social interaction limits and the time-off-task restriction in that alternative determination.

In short, the ALJ did not sufficiently discuss the supportability or consistency factors when considering Dr. Adamo's opinions. As a result, the Court is unable to meaningfully review the ALJ's step two determination. For these reasons, remand is warranted.

### V.     CONCLUSION

For all the foregoing reasons, the Court **OVERRULES** the Commissioner's non-disability determination. This matter is **REMANDED** pursuant to Sentence 4 § 405(g).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE